UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————— )
                                                              )
LUIS BUILES,                                        )
                                                              )
            Petitioner,                              )
                                                              )
                        v.                                )        Criminal Action No. 03-10101-JLT
                                                              )
UNITED STATES OF AMERICA,          )
                                                              )
            Respondent.                            )
———————————————————— )


REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

November 15, 2010

BOAL, M.J.

        Luis Builes ("Builes"), who is currently serving a twenty year sentence in a federal

correctional facility, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence ("Motion").  [Docket #93].  In his motion, Builes alleges a number of grounds for post-

conviction relief: (1) that he received ineffective assistance of counsel because his attorney did

not challenge the amount of drugs with which he was charged; (2) that his conviction was

obtained by the use of a coerced confession; (3) that the enhancement to his sentence based on

his prior convictions was a violation of the double jeopardy clause of the United States

Constitution; (4) that the enhancement to his sentence as a result of his prior convictions

constituted cruel and unusual punishment in violation of the United States Constitution; and (5)

that the prosecutor made prejudicial comments.  This court recommends that the district court

deny Builes's motion in its entirety.

## I.   BACKGROUND

On April 3, 2003, a federal grand jury returned an indictment charging Builes with conspiracy to possess at least five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Count One), possession of cocaine with intent to distribute on six specified dates, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two – Seven), and illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2) and 6 U.S.C. §§ 202 (3-4) and 557 (Count Eight).  [Docket #20].  On April 18, 2003, the government filed an information pursuant to 21 U.S.C. § 851 identifying two prior state drug convictions.  [Docket #21].  Because Count One involved in excess of 5 kilograms of a mixture or substance containing cocaine, the government submitted that Builes's prior convictions subjected him to a mandatory minimum life sentence upon conviction.  Id.; 21 U.S.C. § 841(b)(1)(A).

Builes was initially represented by attorney Frank Bruno, and then by attorney Francisco J. Fernandez starting on May 8, 2003. [Docket #32].  Mr. Bruno's representation was terminated on June 23, 2003.  [Docket, June 23, 2004].  Mr. Fernandez represented Builes through sentencing.  Builes had separate appellate counsel.

### A.   Guilty Plea

Builes plead guilty without a plea agreement.  Builes's change of plea hearing took place on June 17, 2004.  Plea Transcript ("Plea Tr."); [Docket # 84].  Builes had the aid of an interpreter throughout the proceeding. Id.

At the hearing, the district court discussed the potential sentence with Builes:

> **The Court**: And I want you to understand that if you plead guilty to this [conspiracy] count, you face a minimum mandatory of life imprisonment, a maximum of life imprisonment; do you understand that?
>
> **The Defendant**: (Through the interpreter) Yes.

Plea Tr., p. 3.  The district court also advised Builes of his right against self-incrimination:

> **The Court**: All right.  Now, I also want you to understand that you have many rights under our Constitution.  And one of the most important of your rights for your purposes here this morning is your right under the Fifth Amendment not to incriminate yourself which means essentially that no one can force you to speak and then use your words against you in a way that could expose you to some punishment, whether that be a jail term, a fine or even probation.
>
>   No prosecutor, no judge, no police officer, no one can force you to speak and then use your words against you in a way that could cause you some punishment.  Do you understand that?
>
> **The Defendant:** (Through the interpreter) Yes.

Plea Tr., p. 6.

The government stated that it understood that there were no disagreements among the parties as to the facts or as to the applicable sentencing guidelines. Plea Tr., p. 9.  Neither Builes nor his attorney objected to that statement.  The district court asked Builes if anyone had threatened or promised him anything to change his plea to guilty.  Plea Tr., p. 11-12.  Builes said no.  Id.

The government then provided a factual summary of the evidence.  Plea Tr., p. 13-16. The government stated that the case arose out of a series of controlled purchases of cocaine made by a cooperating witness from Builes's co-defendant, James Rossetti, between January and March 2003.  Plea Tr., p. 13-15.  The government stated that Mr. Rossetti obtained the cocaine for each controlled purchase from Builes.  Id.

The government then stated that Builes and Rossetti were arrested together during the

last controlled purchase.  Plea Tr., p. 15.  At the time of the arrest, Mr. Rossetti had two ounces

of cocaine on his person, and Mr. Builes was found to have on his person $1440 of the $1600 in

marked or serialized bills that had been given by the government to the cooperating witness to

purchase drugs.  Id.  In addition to the arrest, the DEA executed search warrants at Builes's

home and his apartment on Newbury Street in Boston.  Id.  Agents found approximately one

kilogram of cocaine and drug paraphernalia in the apartment, along with $13,000 in a cookie tin.

Id.  Agents also found a key to a safe deposit box in Builes's wife's name.  Id.  The DEA

obtained a search warrant for the box and discovered it contained $74,000 cash.  Id.  Builes's

wife indicated to the government that the box belonged to her husband.  Id.

> The government then detailed statements Builes made to agents at his arrest:

> **Mr. Hamilton**: ...Furthermore, on the night of his arrest Mr. Builes was Mirandized
> and he made some incriminating statements.  Among others, he indicated that he had
> been purchasing anywhere from one to six units of 125 grams, each unit of cocaine
> from his supplier every month for the past five years.
> Even if one assumes that he purchased only 125 grams, that is to say, the
> most conservative figure on average each month for the sixty months, that would
> amount to seven and a half kilos, which is, back together with the drugs, the
> controlled purchase amounts and the amounts received from his stash apartment, is
> well in excess of five kilograms.  That's a summary of what the government's
> evidence would show.

Plea Tr., p. 16.  Neither Builes nor his counsel objected to nor commented on the government's

statement of facts.  Id. The district court then accepted Builes's plea.  Id.

### B.     Pre-Sentencing

The Probation Office issued its final Presentence Report ("PSR") on August 24, 2006.  In

it, the Probation Office listed admissions Builes made after being advised of his Miranda rights.

Specifically, the PSR stated that Builes had said that he had been selling cocaine for

approximately five years and that he generally purchased cocaine in 125-gram increments, or

"big eights."  PSR, ¶ 72.  Builes stated that he purchased one to six big eights approximately every three weeks.  Id.  Assuming conservatively that Builes purchased just 125 grams every month for five years, the PSR stated that that quantity, 7,500 grams, exceeded the five kilograms necessary for Count One.  PSR, ¶¶ 72, 84.

Defendant objected to paragraph 72 of the PSR, which contained the admissions as described above, stating that although he purchased big eights, he did not do so consistently. Objection #1.  The objection further stated that he admitted in his plea to being involved with over five kilograms of cocaine.  Id.  Builes also objected to the total amount of drugs calculated in paragraph 84 of the PSR because he stated that he did not purchase the amounts in question consistently over a five year period.  Objection #3.  However, he specifically stated that he did not dispute that he was involved with 5 kilograms or more, but rather that the calculation of 7.5 kilograms was the minimum amount.  Id.

The government moved to reduce the sentence applicable to Builes in light of the substantial assistance that he provided to the government.  Government's Response to Motion ("Govt. Motion"), p. 5; [Docket #79].  The government filed an amended information pursuant to 21 U.S.C. § 851 that cited only one drug conviction and indicated that it would rely on that conviction in seeking a lesser enhanced penalty in connection with Count One.  [Docket #78].

In his sentencing memorandum, Builes again stated that he did not deny being involved with five kilograms of cocaine but that he did not purchase the amounts listed in the PSR consistently over a five year period.  Govt. Motion, p. 5-6.

C.   **Sentencing**

At the sentencing hearing on September 6, 2006, the government recommended a

sentence at the bottom of the guideline range.  Sentencing Transcript ("Sent. Tr."), p. 3; [Docket #85].  Builes's attorney sought the minimum mandatory sentence of 20 years.  Sent. Tr. 4.  Builes apologized to his family and admitted he committed a crime.  Sent. Tr., p. 6-7.  Builes then addressed the court.  First, Builes stated that the prosecutor said that "because ... I was to live forty more years.  He was going to take twenty out of it."  Sent. Tr., p. 7.  Builes also stated that it was wrong to base his sentence on his prior convictions because he already paid for those mistakes, and "[t]o do time again for those is just not fair."  Id.  Builes stated that he cooperated with the government "under the assurance from Mr. Hamilton together with Mr. Bruno first and then Mr. Fernandez that he will ask to get all the 851s out" and the "government don't keep to what they promise."  Sent. Tr., p. 8-9.  Builes also stated that he confessed to Special Agent Drouin because S.A. Drouin said to him "you have a beautiful son, you might not see him again for a long time, we will help you and I talk."  Sent. Tr., p. 8.

Builes then disputed the amount of drugs he was charged with, stating: "Even though the things I say were put different on paper, and he knows that because we've been a few times over the meetings I had with my attorney and the government officials, including Mr. Hamilton, talking about control amounts."  Sent. Tr., p. 8.

The prosecutor responded to Builes's statements, stating that he did not recall stating that he wanted to take 20 years out of Builes's life.  Sent. Tr., p. 11-14.  The prosecutor stated that he never promised he would ask that both of the prior convictions be removed from the Section 851 information.  Id.  The prosecutor acknowledged that Builes had been making the claim for some time that Special Agent Drouin incorrectly recorded Builes's statements regarding drug quantities.  Sent. Tr., p. 14.  However, the government stated that Builes had stated at all times,

including subsequent interviews, the change of plea hearing, and his objections to the PSR, that

he was responsible for in excess of five kilograms of cocaine.  Id.

When asked by the district court, Builes stated that he did not have anything else to say.

Sent. Tr., p. 14.

On September 18, 2006, the district court sentenced Builes to 240 months imprisonment.

[Docket #81].

**D.      The Appeal**

On May 2, 2007, Builes, through different counsel, appealed his sentence.  The grounds

for Builes's appeal were: (1) that the district court erred by failing to conduct a colloquy as

required by 21 USC § 851(b) into whether Builes affirmed or denied that he had been previously

convicted of the crime alleged in the information; and (2) that his cooperation with the

government entitled him to at least consideration of the removal of both alleged prior convictions

or the filing of a departure motion pursuant to 18 U.S.C. § 3553(e).  United States v. Builes, No.

06-2494 (1st Cir. May 3, 2007).  The government moved for summary disposition.

In a two page judgment, the First Circuit affirmed Builes's sentence.  [Docket #92];

United States v. Builes, No. 06-2494 (1st Cir. September 7, 2007).  The First Circuit stated that

Builes had never challenged the validity of the prior conviction that formed the basis of his

sentence enhancement, and that the conviction was too old for him to challenge in any event.  Id.

The First Circuit also held that the district court did not need to make a determination as to

whether the prosecutor followed up on his alleged promise to recommend to the substantial

assistance committee that both of Builes's prior convictions be removed because the district

court did not find that the prosecutor had made such a promise or had entered into an agreement

with the appellant.  Id.  Finally, the Court of Appeals found that Builes had not made the

substantial showing necessary to entitle him to a hearing as to whether the government's refusal

to remove both convictions from consideration was rationally related to a legitimate government

end.  Id.

The Supreme Court denied Builes's petition for a writ of certiorari on March 24, 2008.

Builes v. United States, 552 U.S. 1291 (2008).  Builes filed the instant petition on September 15,

2008.

**II.     DISCUSSION**

For the reasons discussed below, petitioner has failed to meet his burden of proof with

respect to his claims for relief.

**A.     Standard Of Review**

Title 28, United States Code, Section 2255 provides for post-conviction relief only when

the petitioner has demonstrated that his sentence "(1) was imposed in violation of the

Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory

maximum, or (4) was otherwise subject to collateral attack."  Moreno-Morales v. United States,

334 F.3d 140, 148 (1st Cir. 2003), citing David v. United States, 134 F.3d 470 (1st Cir. 1998).  A

sentence is subject to collateral attack if it involves an error or defect which, if uncorrected,

would result in the complete miscarriage of justice or irregularities that are inconsistent with the

rudimentary demands of fair procedure.  Id.

The burden is on the petitioner to establish the need for Section 2255 relief.  David, 134

F.3d at 474.  The Supreme Court has emphasized that Section 2255 is not a substitute for direct

appeal.  Hill v. United States, 368 U.S. 424, 426-7 (1962).  "Errors warranting a reversal on

direct appeal will not necessarily support a collateral attack." <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir. 1994).

A prisoner who invokes Section 2255 is not entitled to an evidentiary hearing as a matter of right. <u>David</u>, 134 F.3d at 477, <u>citing</u> <u>United States v. McGill</u>, 11 F.3d 223 (1st Cir. 1993). Even if a hearing is requested, a court may forgo such a hearing when the movant's allegations, even if true, do not entitle him to relief, or when the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible. <u>Owens v. United States</u>, 483 F.3d 48, 57 (1st Cir. 2007). As established below, Builes's claims are such that a hearing on his petition is not necessary.

### B.      Ineffective Assistance of Counsel

Construing Builes's petition liberally, he attempts to state two separate claims for ineffective assistance of counsel. First, he claims that he received constitutionally ineffective assistance of counsel because his attorney did not challenge the amount of drugs with which he was charged. Motion, p. 4. Builes argues that he was entitled to a hearing on drug quantity, and asserts that the results of such a hearing would have lowered the mandatory minimum sentence to which he was exposed. <u>Id</u>. Second, he claims that counsel never told him about the possibility of a sentence under the guidelines. Motion, p. 5. Neither argument warrants relief under Section 2255.

In order to demonstrate that he received ineffective assistance of counsel, Builes must show: (1) "that counsel's performance was deficient, ... counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment;" and (2) "that the deficient performance prejudiced the defense, ... counsel's errors were so serious as to deprive

9

the defendant of a fair trial ...." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  A court

need not address both components of the inquiry if the defendant makes an insufficient showing

on one.  <u>Castillo v. Matesanz</u>, 348 F.3d 1, 11 (1st Cir. 2003), <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

      In order to show that his counsel's performance was deficient, Builes must show that

counsel's representation fell below an objective standard of reasonableness.  <u>Strickland</u>, 466 U.S.

at 688.  "Reasonableness" is measured under the prevailing professional norms.  <u>Id</u>.  Judicial

scrutiny of counsel's performance must be highly deferential, and the court must make "every

effort" to "eliminate the distorting effects of hindsight."  <u>Id</u>. at 689.  A court can find deficient

performance only if "in light of all of the circumstances, the identified acts or omissions of

counsel were outside the wide range of professionally competent assistance."  <u>Id</u>. at 690.

      The petitioner has the burden to prove that he was prejudiced, "i.e. that his attorney's

parlous conduct may have altered the outcome of the case."  <u>Castillo</u>, 348 F.3d at 11, <u>citing</u>

<u>Ouber v. Guarino</u>, 293 F.3d 19, 25 (1st Cir. 2003).  Cases involving prejudice are the exception.

<u>Castillo</u>, 348 F.3d at 12.

      Builes cannot establish either prong of his claims.  When summarizing the facts of the

case at Builes's change of plea hearing, the government described the transactions involved in

the conspiracy and observed that a "conservative" estimate of the quantity involved was 7.5

kilograms, over the five kilograms necessary to prove a conspiracy to violate 21 U.S.C. §

841(b)(1)(A)(ii).  Builes did not dispute any portion of the facts and plead guilty to the charge.

Although Builes did argue at his sentencing that during his discussion with agents about amounts

of drugs "the things I say were put different on paper," he did not challenge the government's

assertion that "throughout the subsequent interviews and during the change of plea hearing and

in his objections to the PSR, the defendant ... had at all times, including when he was under oath,

agreed that he was responsible for in excess of five kilograms which is what the indictment

alleged, which is what triggers the enhanced penalties."  Plea Tr. 14.  Accordingly, given

Builes's knowing and voluntary guilty plea, he has failed to meet his burden of showing that

counsel's performance in not challenging the drug amount to which Builes plead guilty was

"outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690;

see also Rivera-Bruno v. United States, No. 09-2191, 2010 U.S. Dist. LEXIS 35255, at *8-9

(D.P.R. April 8, 2010) (ineffective assistance claim failed because at plea colloquy, defendant

accepted the government's offer of proof as to the factual basis of the offense); Santos v. United

States, No. 06-522, 2007 U.S. Dist. LEXIS 85185, at *8 (D.R.I. November 19, 2007) (ineffective

assistance claim failed because at plea colloquy the defendant agreed with government's

recitation of the facts).

      Builes also claims that he received ineffective assistance of counsel because his counsel

never told him about the possibility "of being sentence[d] under the guidelines."  Motion, p. 6.

Even if this alleged failure occurred, it was not prejudicial.  Builes was subject to a statutorily

mandated life sentence when he pleaded guilty, a fact of which he was aware at the time.  Plea

Tr. 3.  Builes would have been subject to the same sentence had he gone to trial.  Therefore, the

Sentencing Guidelines did not have any relevance to his plea decision.  The same is true of his

ultimate sentence.  After the government filed its amended information pursuant to 21 U.S.C. §

851 that cited only one of Builes's prior convictions, Builes was subject to a mandatory

minimum of 20 years.  A failure to explain the Guidelines was not prejudicial because Builes

received the lowest sentence permitted under 21 U.S.C. § 841(b)(1).  Thus, Builes's assertion

that he received ineffective assistance of counsel fails.

### C.    Coerced Confession

Builes argues that his sentence should be vacated because his conviction was a result of a coerced confession. Motion, p. 4. Builes alleges that Special Agent John Drouin told Builes that "he was not going to see his beautiful child anymore since he was gonna be [sic] going for a long time." Id. He also alleges that his first attorney, Frank Bruno, told him that his wife would be arrested upon her return to the United States from Colombia, despite the fact that she was a United States citizen. Id. The government argues that this claim is procedurally defaulted, and that Builes has failed to allege a constitutional violation because his confession was voluntary. This court agrees.

Failure to raise an issue either at trial or on direct appeal bars collateral attack of a conviction unless the movant can demonstrate cause excusing the default and actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-8 (1982); Sotirion v. United States, No. 08-2566, 2010 U.S. App. LEXIS 16130, at *9-10 (1st Cir. August 4, 2010); United States v. Cole, No. 95-04, 2001 U.S. Dist. LEXIS 8943, at *8-9 (D. Me. June 26, 2101) (allegations of coerced confession); see also, Oliver v. United States, No. 07-10016, 2010 U.S. Dist. LEXIS 63317, at *10 (D. Mass. June 25, 2010). In his motion, Builes states that this issue was not brought up on appeal because his appellate counsel failed to do so, despite his instructions. Motion, p. 6-7. However, Builes did not allege that his appellate counsel provided ineffective assistance of counsel. This court views this as intentional, as Builes demonstrated

that he understood ineffective assistance of counsel claims.[1]  <u>See</u> Motion, p. 7.  Thus, Builes has

failed to establish cause excusing his default.  <u>See</u> <u>Oliver v. United States</u>, No. 07-10016, 2010

U.S. Dist. LEXIS 63317 (D. Mass. June 25, 2010) (movant's 2255 claim alleging a coerced

confession prior to a guilty plea was procedurally defaulted because she was aware of the

relevant facts, did not allege ineffective assistance of counsel, and did not provide cause for her

failure to raise claims in the underlying criminal case or on direct appeal).

Nor can Builes demonstrate prejudice.  While a guilty plea must be knowing, voluntary,

and intelligent, if a court has accepted a defendant's plea, the defendant cannot go back on his

own word by petitioning under Section 2255.  <u>Rivera-Bruno v. United States</u>, 2010 U.S. Dist.

LEXIS 35255 at *5.[2]  An unconditional guilty plea acts as a waiver of any challenge to the

voluntariness of a confession, particularly where, as in the case here, the plea paralleled the

material elements of the confession.  <u>See</u> <u>United States v. Wright</u>, 873 F.2d 437, 442 (1st Cir.

1989); <u>United States v. Rodriguez-Castillo</u>, 350 F.3d 1, 4 (1st Cir. 2003) (unconditional guilty

plea waived complaint regarding government's failure to turn over discovery).  As the Supreme

Court has explained:

---

[1]  This court does not address herein Builes's statements regarding the performance of his
appellate counsel raised for the first time in his reply to the government's opposition.
Petitioner's Reply to Government's Response ("Reply"), p. 27-28; [Docket #104].  A reply brief
is not an opportunity to raise new arguments, and therefore this court has not considered them.
<u>See</u> <u>Graham v. Sabol</u>, No. 08-40208, 2010 U.S. Dist. LEXIS 82309, at *8 (D. Mass. August 11,
2010); <u>Ardolino v. Warden</u>, 223 F. Supp. 2d 215, 235 n.10 (D. Me. June 5, 2002); <u>Kinzel v.
Maine</u>, No. 04-01-B-W, 2004 U.S. Dist. LEXIS 7493, at *2, n.1 (D. Me. April 30, 2004).

[2]  Builes appears to assert a <u>Crawford</u> claim for the first time in his reply brief.  Reply, p.
13-18.  As discussed above, his failure to raise the claims in his initial motion precludes review
of those claims.  In any event, he cannot show cause and prejudice.  Builes's guilty plea waived
Builes's right to challenge the government's evidence and his failure to raise this issue on appeal
bars collateral review.

13

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice received from counsel was [sub-standard].

Tollet v. Hendersen, 411 U.S. 258, 267 (1973).

As demonstrated by the change of plea transcript, Builes understood his right against self-incrimination and informed the district court that no one had threatened him or promised him to plead guilty.  Plea Tr., p. 11-12.  The district court found that Builes understood the nature of the accusations against him, the maximum sentence that could be imposed, and that he pleaded guilty voluntarily.  Plea Tr., p. 16.  Builes has not presented facts that would support a finding of actual prejudice because he has not indicated that the record is devoid of facts that would support the conviction in the absence of the allegedly coerced statement.  Builes cites various cases to support his claim.  Reply, p. 7-12.  These cases are distinguishable because they either directly contradict his argument, see e.g. McMann v. Richardson, 397 U.S. 759 (1970), address state law, see e.g. Commonwealth v. Martin, 18 Mass. L. Rep. 353 (2004), or do not involve a guilty plea, see e.g. United States v. Tingle, 658 F.2d 1332 (9th Cir. 1981).  Any appeal of the voluntariness of Builes's confession would have been likely summarily dismissed.  Accordingly, Builes's attorney's purported refusal to raise this issue does not constitute deficient performance.

In any event, Builes's claim should be dismissed because he has not alleged a constitutional violation.  Builes made the challenged statements after being given Miranda warnings.  See Plea Tr., p. 16.  Assuming, arguendo, that the federal agent made the alleged

14

statement that purportedly caused Builes to confess, that statement was not coercive.  See United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002) (agent's statement to defendant that defendant's children would be driving by the time he was release from prison was not coercive); United States v. Astello, 241 F.3d 965, 967 (8th Cir. 2001) (use of a suspect's emotions about his family against him did not render his confession involuntary).

### D.    Double Jeopardy and Cruel and Unusual Punishment

Although listed separately in his petition, Builes's double jeopardy and cruel and unusual punishment claims are essentially the same.  Builes alleges that his prior state convictions were unconstitutionally relied upon to enhance his federal sentence.  Builes argues that any enhancement of his federal sentence based on his state crimes constituted cruel and unusual punishment because he is "paying twice for the same crime."  Motion, p. 5.  Builes argues that such consideration also violated the double jeopardy clause because he should have received only one Section 851 enhancement for his state crimes because he served a concurrent sentence for those convictions.  Therefore, Builes argues that his potential sentence should have been 10 years as opposed to a minimum of life imprisonment.[3]  Motion, p. 4-5.

First, Builes's claims are procedurally defaulted because he did not raise these issues on appeal, nor has he demonstrated cause and prejudice.  As discussed supra, Builes's statement that his failure to raise these issues on appeal is the fault of his appellate counsel is belied by his failure to allege that he received ineffective assistance of counsel from her in his original motion.  In any event, Builes cannot demonstrate "cause" because the Supreme Court has routinely held

---

[3] Tile 21, United States Code, Section 851 sets forth the procedures to be employed in applying increased penalties delineated elsewhere in Title 21.  To the extent Builes intended to challenge the substantive provisions, the appropriate reference is to 21 U.S.C. § 841(b)(1)(c).

that recidivist statutes do not violate the double jeopardy clause or constitute cruel and unusual punishment because they do not state a separate offense, but go to punishment only.  <u>Spencer v. Texas</u>, 385 U.S. 554, 560 (1967); <u>Parke v. Raley</u>, 506 U.S. 20, 27 (1992); <u>Nichols v. United States</u>, 511 U.S. 738, 747 (1994); <u>see also</u> <u>Campbell v. United States</u>, No. 97-274, 2000 WL 34022580 (D.R.I. May 17, 2000) (denying 2255 relief regarding constitutionality of sentence enhancements on the merits and because claim was procedurally defaulted).

Even on the merits, however, Builes's claims lack legal and factual support.  As discussed above, courts have repeatedly rejected the legal claims.  As to the facts, Builes's asserts that he should face only one Section 851 enhancement rather than two because he served the sentences for his prior convictions concurrently.  This argument is mistaken.  Builes's sentence reflected only one prior conviction, not two.  <u>See</u> Docket #78; Sent. Tr. at 2.  Builes received the minimum sentence permitted under the statute for someone with one prior drug felony offense who is convicted of conspiracy to possess at least five kilograms of cocaine.  <u>See</u> 21 U.S.C. § 841(b).

### E.      Prosecutorial Misconduct

Builes's final claim is that his sentence should be vacated because the prosecutor made prejudicial comments.  Specifically, Builes claims that the prosecutor stated that he wanted "to make sure to take 20" out of Builes's forty remaining years.  Motion, p. 6.[4]

Absent extraordinary circumstances, such as an intervening change in the law, Builes is not entitled to collateral review in order to re-litigate issues raised on direct appeal.  <u>Davis</u>, 417

---

[4]  It is not clear that such a statement is coercive, but this court assumes, <u>arguendo</u>, that Builes has stated a claim for purposes of this analysis.  <u>See</u> <u>United States v. Santos-Garcia</u>, 313 F.3d 1073 (8th Cir. 2002).

U.S. at 342 (1974).  Builes concedes in his motion that this issue was already addressed in his direct appeal, but that it was not "brought up as a ground to vacate judgment or others."  Motion, p. 7.  The government argues that this distinction does not help Builes's claim because Builes is seeking the more drastic remedy here of vacating his sentence, whereas on appeal he requested a hearing.  Govt. Motion, p. 17.

This court agrees.  The First Circuit has already found that Builes "has not made the substantial showing necessary to entitle him to..." a hearing as to "whether, pursuant to 18 U.S.C. § 3553(e), the government's refusal to remove both convictions was rationally related to some legitimate government end." [Docket #92 at 2].  Builes cannot reassert this claim by seeking a stronger remedy under Section 2255.

## III.   RECOMMENDATION

For the foregoing reasons, I recommend that the Court DENY Builes's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Docket #93] in its entirety.

## IV.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's

17

order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,

199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997);

Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge