UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| LUIS BUILES, | * |  |
|---|---|---|
|  | * |  |
| Petitioner, | * |  |
|  | * |  |
| v. | * | Criminal No. 03-10101-JLT |
|  | * |  |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| Respondent. | * |  |

MEMORANDUM

May 17, 2011

TAURO, J.

On September 15, 2008, Luis Builes ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [#93] ("Motion"). On April 4, 2011, this court denied Petitioner's Motion by accepting and adopting Magistrate Judge Boal's Report and Recommendation.[1] Presently at issue is Petitioner's Petition to District Court for Issuance of Certificate of Appealability [#120] ("Petition"), which seeks leave to appeal this court's denial of Petitioner's Motion.[2] For the following reasons, Petitioner's request for a certificate of appealability ("COA") is DENIED.

The standard for granting a certificate of appealability is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[3] The definition

---

[1] Order [#117]; see Report & Recommendation Pet'r's Mot. Under 28 U.S.C. § 2255 [#111] [hereinafter Report & Recommendation].

[2] Pet. District Ct. Issuance Certificate Appealability, 1 [#120].

[3] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

of what constitutes a "substantial showing" is straightforward. If a district court has rejected the original petition on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[4]

After reviewing the record and the Petitioner's submissions, this court concludes that Petitioner fails to satisfy the abovementioned standard.

Petitioner seeks a COA on nine grounds. First, Petitioner claims that he was entitled to have the sentencing court determine (under a preponderance-of-evidence standard) the amount of drugs for which he was charged.[5] This first point fails because the amount of drugs attributable to Petitioner was properly determined by the court. First, at Petitioner's change of plea hearing, the Government explained on the record that its evidence would show that the Petitioner had over five kilograms in his possession.[6] Petitioner did not object to these claims. Second, and more importantly, Petitioner admitted to being involved with over five kilograms of cocaine.[7] These events are connected to the sentencing procedures and obviated the need for any further explicit determinations on the record.[8] In sum, Petitioner's underlying legal proposition—that the "extent

---

[4] Id. at 484.

[5] Pet. District Ct. Issuance Certificate Appealability, 1–2 [#120].

[6] Change Plea Tr., 13–16, June 17, 2004 [#84].

[7] Def.'s Sentencing Mem., 3 [#77].

[8] See United States v. Aitoro, 446 F.3d 246, 257 (1st Cir. 2006) (indicating that a defendant's admission of quantity can replace a sentencing court's explicit finding of that fact); United States v. Eirby, 262 F.3d 31, 39 (1st Cir. 2001) (explaining that a defendant's admission of drug quantity for base offense level can provide the basis for determining the level of penalty to be imposed, including the applicable mandatory minimum); cf. United States v. Rivera-Moreno, 613 F.3d 1, 7 (1st Cir. 2010) ("In making such a reasoned estimate [of drug quantity], the court is entitled to draw reasonable inferences from information contained in the sentencing record."

of the penalty for a controlled-substance conviction is determined in large part by the amount of drugs properly attributable to the defendant"—has not been violated.[9]

Second, Petitioner argues that his right to effective assistance of counsel was violated because his trial counsel failed to request that the court provide him with a hearing to determine the amount of drugs for which he was charged.[10] Petitioner's argument fails the Strickland v. Washington test for ineffective assistance of counsel.[11] Strickland requires a defendant to establish (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant.[12]

Here, although a failure on either prong of the Strickland test defeats Petitioner's claim,[13] Petitioner cannot establish either prong. Under the first prong, this court's review of trial counsel's actions is highly deferential. Petitioner must show that "given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it.'"[14] As Magistrate Judge Boal explained in addressing this exact issue, Petitioner has not

---

(internal citation and quotation marks omitted)).

[9] United States v. Lindia, 82 F.3d 1154, 1159 (1st Cir. 1996) (citation omitted).

[10] Pet. District Ct. Issuance Certificate Appealability, 2–4 [#120].

[11] 466 U.S. 668, 687 (1984).

[12] See Id.

[13] See Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008).

[14] Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006); see Murchu v. United States, 926 F.2d 50, 58 (1st Cir. 1991) ("Trial counsel's 'tactical decisions . . . cannot ordinarily form the basis of a claim of ineffective assistance.'" (quoting United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983))).

made a sufficient showing that his trial counsel's performance was deficient.[15] Second, for the reasons already provided in Magistrate Judge Boal's Report and Recommendation [#111], Petitioner cannot establish that counsel's performance would have prejudiced him.[16]

Petitioner's third ground for a COA is that the prosecutor made improper and prejudicial comments. Specifically, Petitioner alleges that the prosecutor stated that Petitioner "was to live [sic]" forty more years and the prosecutor wanted to "make sure to take away twenty of them."[17] As Magistrate Judge Boal determined, Petitioner was barred from re-litigating this issue because he had raised it on direct appeal.[18]

Fourth, Petitioner asserts a claim for ineffective assistance of counsel based upon his trial counsel's failure to object to the prosecutor's allegedly prejudicial conduct mentioned above.[19] Petitioner, however, has not met the Strickland test.[20] Petitioner has not explained how his trial counsel's performance fell outside "the wide range of professionally competent assistance."[21] Moreover, Petitioner has not alleged any facts to support a finding of prejudice. Petitioner has failed to show how his sentence would have been reduced had his trial counsel objected.[22] This

---

[15] See Report & Recommendation, 10–11 [#111].

[16] See Report & Recommendation, 11–12 [#111].

[17] Pet. District Ct. Issuance Certificate Appealability, 3–6 [#120].

[18] See Report & Recommendation, 16–17 [#111].

[19] Pet. District Ct. Issuance Certificate Appealability, 4 [#120].

[20] See supra note 14 and accompanying text.

[21] Strickland, 466 U.S. at 690.

[22] Cf. Escudero-Aponte v. United States, No. 02-2708, 2003 U.S. App. LEXIS 10307, at *6 (1st Cir. May 22, 2003).

4

court therefore sees no "substantial showing" of a constitutional violation.[23]

Petitioner's fifth ground for a COA is that his due process rights were violated by the government's use of a coerced confession.[24] As Magistrate Judge Boal explained, (a) Petitioner's (fifth) claim is procedurally defaulted and (b) Petitioner failed to demonstrate either cause excusing his default or actual prejudice resulting from the error.[25] This court is satisfied with the determination of Magistrate Judge Boal and sees no "substantial showing" of a constitutional violation.[26]

Sixth, Petitioner alleges ineffective assistance of counsel because he did not have proper knowledge of the elements of the charges, the nature of the plea, or its consequences.[27] The record directly contradicts Petitioner on this point. The district court in fact found that Petitioner understood the accusations against him and the maximum consequences of his guilty plea in terms of what sentence could be imposed.[28] Petitioner has not alleged any new facts that bring the record's accuracy into question. Petitioner has, therefore, failed to make out a "substantial showing" of a constitutional violation.[29]

Petitioner's seventh ground for requesting a COA is that the Government rescinded its

---

[23] Slack, 529 U.S. at 483.

[24] See Pet. District Ct. Issuance Certificate Appealability, 6–7 [#120] (discussing Petitioner's belief that his wife would be arrested and that he would not see his son).

[25] See Report & Recommendation, 12–13 [#111].

[26] Slack, 529 U.S. at 483.

[27] Pet. District Ct. Issuance Certificate Appealability, 7–8 [#120].

[28] Change Plea Tr., 16 [#84].

[29] Slack, 529 U.S. at 483.

promise to not rely on two prior state convictions in seeking an enhancement of Petitioner's federal sentence.[30] Magistrate Judge Boal determined that this same claim of Petitioner's was procedurally defaulted and that he had demonstrated neither cause nor prejudice.[31] Moreover, Petitioner's claim is factually incorrect. The issue was raised in court and Petitioner has not alleged facts to show that the Government violated any promises or a plea agreement with Petitioner.[32]

Eighth, Petitioner argues that his trial counsel was ineffective for not raising in court his seventh claim regarding the Government's alleged rescinded promise.[33] Petitioner has, however, failed to meet the Strickland test. Petitioner has not explained how his trial counsel's performance fell outside "the wide range of professionally competent assistance."[34] Moreover, given that this issue was in fact raised in front of the sentencing court,[35] this claim lacks merit. Petitioner, therefore, has not alleged an underlying constitutional violation as to his seventh and eighth claims.[36]

---

[30] See Pet. District Ct. Issuance Certificate Appealability, 8–9 [#120].

[31] See Report & Recommendation, 14–15 [#111] (considering the same facts in the context of an Eighth Amendment claim).

[32] See Change Plea Tr., 9–10 [#84] (mentioning Petitioner's decision not to sign the plea agreement but his hope to qualify for a substantial assistance reduction based upon the Government's recommendation); Disposition Tr., 11–13 [#85] (explaining that the prosecutor did not promise to remove both prior state convictions and never had made such specific promises in terms of substantial assistance recommendations).

[33] Pet. District Ct. Issuance Certificate Appealability, 9 [#120].

[34] Strickland, 466 U.S. at 690.

[35] See supra note 32 and accompanying text.

[36] See Slack, 529 U.S. at 483.

Petitioner's final ground for a COA is that he lacked effective assistance of counsel because his trial counsel generally failed to object "throughout the whole [of Petitioner's] criminal matter, when it was clearly need[ed]."[37] Petitioner, however, fails to allege a single instance not discussed above to which his trial counsel failed to object. This court, therefore, repeats its determination that Petitioner has not met the Strickland test.[38]

Reasonable jurists would not find these issues debatable. For the foregoing reasons, and the reasons in Magistrate Judge Boal's Report and Recommendation, this court finds no basis for granting a COA in the present case. The Petition is DENIED.

AN ORDER HAS ISSUED.

                                                           /s/ Joseph L. Tauro
                                                           United States District Judge

---

[37] Pet. District Ct. Issuance Certificate Appealability, 9 [#120].

[38] See supra note 20 and accompanying text.